# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>        Plaintiff,<br><br>  v.<br><br>JULINA REYES, et al.,<br><br>        Defendants. | 1:13-cv-00763 BAM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 5)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 22, 2013. (ECF No. 1.) Plaintiff's first amended complaint, filed on July 3, 2013, is currently before the Court for screening pursuant to 28. U.S.C. § 1915.

**I.    Screening Requirement**

      "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in First Amended Complaint

Plaintiff names Samantha Perryman, Julina Reyes and Stefeny Vally as defendants. He alleges as follows:

> Plaintiff is not a prisoner he has been civily committed to colinga state hospital as a sexuly violent predator, civil detaines retaine a gretair a grator liberty protetions than Individuals detained under criminal process and pre-adjudication detaines retain. All three defednats are gilty of violating the plaintiffs right to receve prompt and effechent medaical care on the day in question the plaintiff was exsperenceing sevear chest paines and he informed all three defendants of this fact. and was totaly dissregared as thoue he did not matter at all. the previous day the plaintiff exspearenced the same tipe of chest paines only this time when he complained of chest paines a compent nurse emendly whent into action and assised the plaintiff by applying several teast at the end hart enzimes where drawin and plaintiff was in formed that he eather had a hart a tack or was going to have one and he was trans ported to french hospital to have colestroal removed from the maine artery of his hart so the hart could receve blood.

(ECF No. 5, p. 2) (unedited text.) Plaintiff seeks damages in the amount of 1295 billion each in consecutive damages, punitive damages and regular damages. (Id.)

## III. Discussion

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial

departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim under this standard. At best, Plaintiff has alleged that he complained of chest pains. Plaintiff has not identified any resulting harm or consequences resulting from the pain or from Defendants' purported failure to administer tests or take his vitals. In the absence of any such allegations, Defendants' conduct appears to be supported by a professional judgment that Plaintiff did not require any treatment. The absence of any apparent consequence or harm also suggests that Plaintiff was treated within accepted standards of professional judgment.

## IV.    Conclusion and Order

For the above reasons, Plaintiff fails to state a claim for which relief may be granted against any Defendant. However, in an abundance of caution, Plaintiff will be given a final leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;

3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.  <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **August 5, 2014**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE