# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Plaintiff,<br><br>  v.<br><br>JULINA REYES, et al.,<br><br>    Defendants. | 1:13-cv-00763 BAM<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 27)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on May 22, 2013. (ECF No. 1.) On August 6, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. (ECF No. 26.) Plaintiff's second amended complaint, filed on August 15, 2014, is currently before the Court for screening.

**I.    Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II.     Allegations in Second Amended Complaint

Plaintiff names Nurse Julina Reyes as the sole defendant. He alleges as follows:

> On the night in question plaintiff was assalted and seriousley injured to the point that he could not at will containe his wast in his boals with considerable difficulty plaintiff approached the defeandent and reported the insdent only to discover that the defeand was fully awaire if the matter and yet she declined medical care claiming that she had more pressing afaires else whear hence plaintiff was forced to returne to his bed and lye in his owen human wast and as a resalt plaintiff has permeantly incountered a virious from his wast that clears up with the use of medichion only too returne if plaintiffs skin is remained dampt.

(ECF No. 27, p. 4) (unedited text.)  Plaintiff seeks damages in the amount of 1295 billion each in "Concitive" damages, punitive damages and regular damages. (Id. at p. 5.)

## III.    Discussion

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Although Plaintiff may be able to state a cognizable claim against Defendant Reyes, the Court is concerned about the veracity of Plaintiff's allegations. The Court's concern is based on Plaintiff's flagrant alteration of the allegations at issue in this action. Previously, in his first amended complaint, Plaintiff alleged that he was experiencing severe chest pains and that Defendants Reyes, Perryman and Vally disregarded his complaint. (ECF No. 5, p. 2.) Now, Plaintiff alleges that Defendant Reyes disregarded his injuries, including bowel issues, from a purported assault. (ECF No. 27, p. 4.)

Plaintiff's filings are subject to Federal Rule of Civil Procedure 11. Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ... [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...." Fed. R. Civ. P. 11(b). Rule 11(c) provides for the imposition of appropriate sanctions for the violation of Rule 11(b). Fed. R. Civ. P. 11(c). Accordingly, Plaintiff's failure to adhere to Rule 11 may result in the imposition of sanctions, including dismissal of this action. Plaintiff should not alter his allegations merely to maintain an action. Rather, Plaintiff's factual assertions must have evidentiary support and his pleadings may not be used merely to harass a defendant.

At this juncture, the Court will allow Plaintiff an opportunity to amend his claim in this action. However, Plaintiff's filing must adhere to Rule 11 and must relate <u>solely</u> to the original factual contentions alleged in his first amended complaint.

### IV.  Conclusion and Order

For the above reasons, Plaintiff fails to state a claim for which relief may be granted. However, as Plaintiff is proceeding pro se, he will be given one final opportunity to amend his complaint to the extent that he can do so in good faith. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). His claims must relate to those factual contentions in his first amended complaint.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and
4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order and Rule 11, this action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **August 18, 2014**            /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE