1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| ARCHIE CRANFORD, | ) 1:13-cv-00763 BAM |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO STATE A CLAIM |
| JULINA REYES, et al., | ) (ECF No. 29) |
| Defendants. | ) |

16    Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 6, 2014, the Court

18  dismissed Plaintiff's first amended complaint with leave to amend.  On August 19, 2014, the

19  Court dismissed Plaintiff's second amended complaint with leave to amend.  Plaintiff's third

20  amended complaint, filed on September 5, 2014, is currently before the Court for screening

21  pursuant to 28 U.S.C. § 1915.

22    **I.      Screening Requirement**

23    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

24  court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails

25  to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

26    A complaint must contain "a short and plain statement of the claim showing that the

27  pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

28  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. <u>Id.</u>

## II.   Allegations in Third Amended Complaint

Plaintiff names Julina Reyes as the sole defendant.  In relevant part, Plaintiff alleges that he "was assalted and the defendant was made awaire of the assalt prioure to the attack takeing plasce and dis nothionf what so ever to at least perveant it from takeing place leta lone treat plainriffs injurys after the fact…."  (ECF No. 29, p. 3) (unedited text).  Plaintiff claims that his right to medical care is protected by the substantive component of the due process clause.

## III.   Discussion

A.   Medical Care

As a civil detainee, Plaintiff's right to medical care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." <u>Jones v. Blanas</u>, 393 F.3d 918, 931 (9th Cir. 2004) (quoting <u>Youngberg</u>, 457 U.S. at 321-22); <u>cf.</u> <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial, are afforded only those protections provided by the Eighth Amendment).  Thus, to avoid liability, Defendants' decisions must be supported by "professional judgment." <u>Youngberg</u>, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." <u>Youngberg</u>, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim.  As a practical matter, Plaintiff has not included sufficient allegations to state a claim that is plausible on its face.  He also has not

included sufficient factual allegations regarding his injuries, Defendant Reyes' alleged failure to treat him, or any resulting harm or consequences resulting from his untreated injuries.  Further, Plaintiff's third amended complaint differs substantively from the original allegations presented to the Court in his first amended complaint.  There, Plaintiff complained that Defendant Reyes and two other defendants disregarded his reports of chest pain.  Plaintiff was repeatedly informed that he could not change the nature of this suit in any amended complaint.  (ECF Nos. 26, 28.) He also was informed that he must adhere to Federal Rule of Civil Procedure 11.  (ECF No. 28, p. 3.)

B.  Failure to Protect

As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment. Jones, 393 F.3d at 931.  Here, however, Plaintiff has failed to establish that he was deprived of his Fourteenth Amendment Due Process rights by any alleged failure to protect him from harm. Plaintiff asserts only that Defendant Reyes knew of an assault on Plaintiff prior to the attack and did nothing to prevent it.  Plaintiff's assertion is conclusory and insufficient to state a claim. Iqbal, 566 U.S. at 678.  Plaintiff has not alleged any facts to support his assertion that Defendant Reyes knew of some unspecified assault on some unspecified date or how she failed to prevent it.

IV.     Conclusion and Order

Despite this Court's repeated guidance, Plaintiff has failed to set forth a claim that complies with Federal Rule of Civil Procedure 8 or that is cognizable under the Due Process Clause.  Plaintiff has been unable to cure the deficiencies identified by the Court after repeated attempts and further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **October 8, 2014**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE